

Filed
Clerk of Court
United States District Court
By Morgan Akins
On:    04/15/2026

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| STEPHANIE S. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-115 |
| | ) | |
| BARREL PUBS, LLC d/b/a Pickle Barrel Cafe | ) | |
| and Sports Pub, and ROBERT C. JAWOSKI, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.  (Doc. no. 19.) Plaintiff objected to the Magistrate Judge's recommendation that her Title VII retaliation and Americans with Disabilities Act ("ADA") claims be dismissed.  (See id.)  Nothing in Plaintiff's objections alters the Magistrate Judge's conclusion that Plaintiff fails to state Title VII and ADA claims, but a few of her arguments warrant brief comment.

First, Plaintiff argues she properly exhausted her ADA claims because they were timely based on equitable tolling.  (Id. at 1-3, 5.)  This argument misses the mark because the Magistrate Judge did not conclude Plaintiff's ADA claims were untimely.  Rather, the Magistrate Judge explained her ADA claims were new claims that could not be considered because Plaintiff's EEOC Charge never mentioned her alleged disabilities and, instead, only concerned alleged surveillance at work and Plaintiff's later termination.  (Doc. no. 15, pp. 11-

14.) Thus, equitable tolling is inapplicable and does not change the conclusion that she failed to exhaust her administrative remedies because she did not first raise her ADA claims in the EEOC proceedings.

Nonetheless, the Magistrate Judge also considered the substance of Plaintiff's ADA retaliation claim and concluded it failed on the merits. (Id. at 14-16.) In her objections, Plaintiff contends she established the requisite causal connection because there is temporal proximity between her accommodation request and the surveillance. (Doc. no. 19, p. 5.) Although the Magistrate Judge did not directly address whether the surveillance constituted an adverse employment action, the Court concludes it does not. For an ADA retaliation claim, "[a]n adverse employment action is any act by the employer that dissuades a reasonable employee from engaging in the protected activity." Santandreu v. Miami Dade Cnty., 513 F. App'x 902, 906 (11th Cir. 2013) (*per curiam*). Here, the described surveillance does not meet this threshold. See Collins v. Alabama State Univ., No. 2:23-CV-231, 2025 WL 1070437, at *7 n.5 (M.D. Ala. Feb. 3, 2025) ("[S]ubjecting an employee to heightened scrutiny generally is not an adverse employment action that will give rise to claims for discrimination or retaliation."), *adopted by* 2025 WL 928821 (M.D. Ala. Mar. 27, 2025). Furthermore, the Magistrate Judge also correctly reasoned Plaintiff had not established she engaged in activity protected under the ADA when she consulted with legal counsel about problems unrelated to her medical issues. (Doc. no. 15, p. 15.) Thus, Plaintiff's objections do not alter the determination that she fails to state an ADA retaliation claim.

Finally, Plaintiff strenuously argues she stated a Title VII retaliation claim, (doc. no. 19, pp. 3-5), but she again does not establish any of the issues she discussed with legal counsel were unlawful employment practices under Title VII. Although the listed topics may be

2

against some other law, they are not unlawful under Title VII because they have nothing to do with Plaintiff's "race, color, religion, sex, or national origin," which is required to state a claim under Title VII. 42 U.S.C. §2000e-2. Thus, Plaintiff does not establish she engaged in protected activity under Title VII, and the Magistrate Judge correctly recommended this claim be dismissed.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Defendant Jawoski, and **DISMISSES** Plaintiff's Title VII retaliation and ADA claims against Defendant Barrel Pubs. The case shall proceed as described in the Magistrate Judge's March 20th Order. (Doc. no. 17.)

SO ORDERED this _15th_ day of April 2026, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3